Michael CRAWFORD; Jeff Crawford; Farzaneh Crawford, Plaintiffs—Appellees,

v.

SAN DIEGUITO UNION SCHOOL DISTRICT, Defendant—Appellant.

No. 04–56268.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.*

Decided Sept. 15, 2006.

Eric Freedus, Oceanside, CA, for Plaintiff-Appellee.

Paul V. Carelli, Daniel R. Shinoff, Esq., Glenna Decamara Eubank, Esq., Stutz Gallagher & Artiano, San Diego, CA, Jack B. Clarke, Jr., Esq., Best Best & Krieger, LLP, Riverside, CA, for Defendant-Appellant.

Before: PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

MEMORANDUM **

The facts are known to the parties, and we will offer only a brief summary here.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

Michael Crawford's parents seek attorney's fees after partial success in their dispute with San Dieguito School District. The parents opposed moving their son to a public high school, and challenged the district's proposed accommodations for him. They did not achieve private placement following their administrative hearing, but they did win a transition plan to help Michael adjust to the new school. The District did not appeal the decision, and Michael now attends public school. Noting the parents' limited success at the hearing, the district court declared the parents to be prevailing parties but awarded attorney's fees at a forty-percent reduction. We find that the decision was not an abuse of discretion.

■ A party may be awarded fees even if he did not prevail on all issues, provided he obtained "some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. West Virginia DHHR*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The litigant must succeed on the merits of at least some claims, but need not obtain favorable judgment on all of them. In this case, the Crawfords prevailed on one significant aspect of their claim, and are correctly considered prevailing parties for purposes of IDEA.

That designation, however, does not require that the parents receive full attorneys fees. The Supreme Court has noted that, with respect to § 1988 civil rights actions, a reduced fee is appropriate if the relief, "however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This degree of success standard is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party,'" *Id.* at 433, 103 S.Ct. 1933 n. 7; *see also Farrar v. Hobby*, 506 U.S. 103, 113–14, 113 S.Ct. 566, 121

L.Ed.2d 494 (1992), and is controlling in IDEA cases, *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 2006 WL 2473479, *6 (9th Cir. Aug.29, 2006). Both *Hensley* and the fee-shifting statute at issue here require that the district court award only "reasonable" attorneys' fees. 20 U.S.C. § 1415(i)(3)(B); *Hensley*, 461 U.S. at 433–34, 103 S.Ct. 1933. *Hensley*'s test does not require apportionment "mechanically" on the basis of success or failure on enumerated issues, but it does require that judges properly consider the parties' achievements in a multi-claim context, considering, for example, hours spent on winning versus losing claims, the level of success achieved, and the degree of overlap between successful and unsuccessful claims. *Hensley*, 461 U.S. at 434–35, 103 S.Ct. 1933.

■ In this case, the judge provided a scant but adequate analysis of the parties' degree of success, citing the hearing officer's page-long evaluation of prevailing party status and reducing fees because plaintiffs did not prevail on "a substantial number of issues." Although the judge did not consider the relative time spent on successful and unsuccessful claims, he did evaluate the reasonableness of the attorney's hourly rate and his fees for costs, staff, and expert witnesses. The judge noted that he based the fee award "on this Court's thorough review of the record, and considering the plaintiff's degree of success in this matter." We find it somewhat troubling that the district court appears to question the accuracy of some of the hearing officer's findings—overturning verturning her ruling, for example, that the parents' repeated failure to cooperate with the district amounted to bad faith. The district court may award fees for successful litigants, not revisit the merits to determine if the parties should have attained a greater degree of success. However, dis-

trict courts enjoy a great deal of discretion in carrying out the degree of success test, and we do not think any errors in these calculations amount to an abuse of discretion.

The district court's decision is AFFIRMED.